## Case No. 9,515.

### In re MEYER.

[2 N. B. R. 422 (Quarto, 137); [1] 1 Chi. Leg. News. 210.]

District Court, S. D. New York. Feb. 22, 1869.

BANKRUPTCY—FRAUDULENT ASSIGNMENT—PAYMENTS MADE—ACCOUNTING THEREFOR.

Bankrupt made a fraudulent assignment to S. The attorney of S. was attorney for the bankrupt, and also for one P., a creditor. Payments were made to S. and to P. by said attorney, out of proceeds of assigned property. _Held_, that the assignment was void, and that S., P., and the attorney should account to the assignee for the property and proceeds thereof.

[Cited in Curran v. Munger, Case No. 3,487.]
[Cited in Mathews v. Riggs, 80 Me. 107, 13 Atl. 49; Washburn v. Huntington, 78 Cal. 576, 21 Pac. 306.]

[In the matter of Edward Meyer, a bankrupt.]

F. C. Bowman, assignee in bankruptcy, in person.
Stevens & Reymert, for defendants.

BLATCHFORD, District Judge. The assignment from the bankrupt to Salmons was made in fraud of the bankrupt act [of 1867, 14 Stat. 517]; it was not made in the usual and ordinary course of business of the bankrupt, and that fact is made, by the thirty-fifth section of the act, prima facie evidence of fraud. Besides, it clearly appears from the evidence that the bankrupt was insolvent when he made the assignment, and that Salmons then had reasonable cause to believe him to be insolvent, and that he was contemplating going into bankruptcy, and that a fraud on the act was intended by the transaction. All the consideration Salmons has paid for the assigned property has been paid out of the collections of the debts assigned. The attorney for Pretorius knew the mala fides of the whole transaction before he paid any money over to Pretorius, and the latter is chargeable with all the knowledge which his attorney had. The same person was also attorney for Salmons and for the bankrupt. Any money which Salmons or his attorney has paid to the bankrupt or Pretorius, and any money which Salmons himself has received, and any money which the attorney has retained out of the collections or proceeds of the assigned property, must be paid over to the assignee in bankruptcy by Salmons. The bankrupt and Pretorius and the attorney must further be held liable to account to the assignee in bankruptcy for what they severally have received or retained out of such proceeds. The assignment to Salmons must be set aside as void, and he and his attorney must transfer and deliver to the assignee in bankruptcy all the assigned property which has not been realized or collected, or which still remains unconverted into money, and all evidences thereof and the temporary injunction heretofore granted must be made perpetual. Salmons must also pay the costs of this suit.